1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    SHARROD MOTEN,                              Case No. 1:24-cv-00068-CDB (PC)

12                        Plaintiff,
                                                  **FINDINGS AND RECOMMENDATIONS
13          v.                                    TO DENY PLAINTIFF'S APPLICATION
                                                  TO PROCEED *IN FORMA PAUPERIS***
14    VIETH, *et al*.
                                                  (Doc. 2)
15                        Defendants.
                                                  **14-DAY OBJECTION PERIOD**
16
                                                  Clerk of the Court to Assign District Judge
17

18          Plaintiff Sharrod Moten ("Plaintiff") is a state prisoner incarcerated at Kern Valley State

19   Prison proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983.  (Doc. 1).

20   Plaintiff filed the instant action on January 16, 2024, along with a motion to proceed *in forma*

21   *pauperis*.  (Docs. 1-2).

22   **Discussion**

23          The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous

24   prisoner complaints and appeals."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).

25   Pursuant to the PLRA, the *in forma pauperis* statute was amended to include section 1915(g), a

26   non-merits related screening device that precludes prisoners with three or more "strikes" from

27   proceeding *in forma pauperis* unless they are under imminent danger of serious physical injury.

28   28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007).  The statute

provides that "[i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury.  Plaintiff states he has filed five previous lawsuits and highlights three that are active and/or pending.  (Doc. 1 at 3).  The Court takes judicial notice[1] of the following United States District Court cases, although not exhaustive, which are properly deemed qualifying § 1915(g) strikes: (1) *Moten v. Calderon*, No. 2:23-cv-02595-DOC-SP (C.D. Cal.) (dismissed for failure to state a claim on May 31, 2023, appeal denied on January 10, 2024); (2) *Moten v. Phiefer*, No. 2:23-cv-06355-DOC-SP (C.D. Cal. (dismissed for failure to state a claim on September 29, 2023); (3) *Moten v. Abrams,* No. 2:23-cv-06359-GW (C.D. Cal.) (dismissed for failure to state a claim on September 6, 2023, appeal denied on January 17, 2024).[2]

Because Plaintiff has at least three qualifying strikes, the issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on January 16, 2024 (with application of the mailbox rule).

---

[1] Judicial notice may be taken of court records.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011).

*Andrews*, 493 F.3d at 1053-56.  Conditions that posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  *Id*. at 1053.  While the inquiry is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  *Id*. at 1055.

Here, Plaintiff asserts Defendants have been tampering with his mail ever since he entered Kern Valley State Prison on June 9, 2022.  (Doc. 1 at 9).  Plaintiff claims Defendants have prevented him from showering multiple times in April 2023, December 2023, and January 2024.  *Id*. at 5-6.  Plaintiff asserts Defendants have engaged in discrimination and retaliation against him by initiating a lockdown on October 18, 2023.  *Id*. at 4.  Plaintiff claims Defendants have harassed him in multiple instances by searching his cell and person and issuing rules violation reports against him in March 2023, April 2023, and October 2023.  *Id*. at 4-6.  Plaintiff asserts "[on December 11, 2023, through December 13, 2023], Ochoa came to work sick, without a mask being deliberate and indifferent to the population by not staying at home sick when its deadly Covid 19 poluting [*sic*] the air."  *Id*. at 5.  Plaintiff also claims his wife has been harassed by Defendants and that his wife's visits are being taken away.  *Id*. at 6-7.

Plaintiff has not alleged facts showing that he faced a real, present threat of serious physical injury at the time he executed his complaint on January 9, 2024.  *Id*. at 9.  None of the allegations set forth in the complaint and summarized above show ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

Therefore, the court finds that Plaintiff may not proceed in forma pauperis with this action and must submit the appropriate filing fee in order to proceed with this action.  Accordingly, Plaintiff's motion to proceed in forma pauperis should be denied, and he should be precluded from proceeding with this case until after he pays the $405.00 filing fee in full.

**Conclusion and Recommendation**

For the reasons set forth above, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,

2.  Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days of being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**January 19, 2024**__            _____
                                              UNITED STATES MAGISTRATE JUDGE